1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   SIMMONE GRAHAM, aka SIMMONE      )   Case No. 2:10-CV-2335 JAM-KJM
     ADELYN CORAHAM,                  )
12                                    )   ORDER GRANTING DEFENDANTS'
                         Plaintiff,   )   CITY OF SOUTH LAKE TAHOE,
13                                    )   SOUTH LAKE TAHOE POLICE
         v.                           )   DEPARTMENT, AND TERRY DANIELS
14                                    )   AMENDED MOTION FOR RULE 11
     THE CITY OF SOUTH LAKE TAHOE,    )   SANCTIONS
15   CITY OF SOUTH LAKE TAHOE POLICE  )
     DEPARTMENT and TERRY DANIELS,    )
16                                    )
                         Defendants.  )
17   _____)

18        This matter comes before the Court on Defendants' City of

19   South Lake Tahoe, South Lake Tahoe Police Department, and Terry

20   Daniels ("City Defendants") Motion for Rule 11 Sanctions (Doc.

21   #43) against Plaintiff's counsel, including William O'Mara,

22   Stephen Scheerer, and the O'Mara Law Firm, P.C.  The City

23   Defendants request that the sanctions take the form of an award

24   of attorneys' fees in the amount of $6,900.00.  Plaintiff's

25   counsel opposes the motion.[1]

26

27   _____

28   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
     for April 19, 2011 and then rescheduled for June 1, 2011.

                                      1

1              I.    FACTUAL AND PROCEDURAL BACKGROUND

2        Plaintiff's Complaint is predicated upon an incident which

3   occurred on August 31, 2008.  The California Highway Patrol

4   ("CHP") stopped Plaintiff as she was driving and caused her to

5   undergo field sobriety testing.  Plaintiff claims that she was

6   mistaken for an intoxicated person when she was actually suffering

7   from multiple sclerosis.  Plaintiff was unable to successfully

8   pass field sobriety testing.  She was arrested and taken into

9   custody at the El Dorado County jail located in the City of South

10  Lake Tahoe.  Plaintiff claims she was denied her medication for

11  multiple sclerosis.  Plaintiff sued eleven named defendants for

12  discrimination based on the ADA, 42 U.S.C. § 1983, and Civil Code

13  § 52.1, in addition to negligence and attorneys' fees.  The Court

14  granted all of the defendants' motions to dismiss without leave to

15  amend (Doc. #44).

16       After being served with this lawsuit in late December 2010,

17  counsel for City Defendants claim they continually contacted the

18  O'Mara law firm requesting to be dismissed on the grounds that

19  the City Defendants had no involvement in the stop, arrest,

20  testing, or custody of Plaintiff.  On January 31, 2011, counsel

21  for City Defendants, Nira Feeley, contacted counsel for

22  Plaintiff, Stephen Scheerer, via phone.  Ms. Feeley requested

23  that the City Defendants be dismissed from the lawsuit.  Ms.

24  Feeley provided Mr. Sheerer with a copy of the Declaration of

25  Kathy Bolinger, Police Records Supervisor, showing that the City

26  Defendants had no involvement in the incident giving rise to

27  Plaintiff's claim.  On February 10, 2011, City Defendants served

28  Plaintiff's counsel with the motion for sanctions and on March

                                  2

1  3, 2011 City Defendants filed the motion for sanctions with the

2  Court.

3

4                          II.   OPINION

5      1.   Legal Standard

6           1.   Rule 11 Sanctions

7      Rule 11 requires that pleadings and motions contain

8  allegations and factual contentions which "have evidentiary

9  support," and the claims and other legal contentions must be

10 "warranted by existing law or by a nonfrivolous argument."  Fed.

11 R. Civ. P. 11 (b)(2)-(3).  When, as here, a "complaint is the

12 primary focus of Rule 11 proceedings, a district court must

13 conduct a two-prong inquiry to determine (1) whether the

14 complaint is legally or factually baseless from an objective

15 perspective, and (2) if the attorney has conducted a reasonable

16 and competent inquiry before signing and filing it."  Christian

17 v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (internal

18 quotations and citation omitted).  The word "frivolous" is used

19 "to denote a filing that is both baseless and made without a

20 reasonable and competent inquiry."  In re Keegan Management Co.,

21 Securities Litigation, 78 F.3d 431, 434 (9th Cir. 1996).

22     B.   Claims for Relief

23          1.   Rule 11 Sanctions

24     City Defendants argue that the Court should impose Rule 11

25 sanctions on Plaintiff's counsel because Plaintiff's counsel

26 failed to conduct a reasonable and factual inquiry before filing

27 the case and the Complaint only used the collective term

28 "Defendants" when describing the various allegations, thus

1 denying City Defendants the ability to ascertain the claims

2 against them.  City Defendants also contend that Plaintiff's

3 counsel should be sanctioned because they maintained this

4 lawsuit against City Defendants after being made aware that City

5 Defendants had no involvement in the incident.  Plaintiff's

6 counsel does not oppose City Defendants' arguments concerning

7 the frivolousness of the Complaint, but instead counters that

8 City Defendants failed to abide by the safe harbor rule.  Though

9 the motion for sanctions was mailed on February 10, 2011,

10 Plaintiff's counsel claims it was not received until February

11 14, 2011.  Since the motion for sanctions was filed on March 3,

12 2011, which is less than 21 days after the alleged receipt of

13 the motion, Plaintiff's counsel argues that City Defendants

14 failed to properly comply with the safe harbor rule.

15      "The safe harbor provision gives an attorney the

16 opportunity to withdraw or correct a challenged filing by

17 requiring a party filing a Rule 11 motion to serve the motion 21

18 days before filing the motion."  Retail Flooring Dealers of

19 America, Inc. v. Beaulieu of America, LLC, 339 F.3d 1146, 1150

20 (9th Cir. 2003); see Fed. R. Civ. P. 11(c)(1)(A).  Federal Rules

21 of Civil Procedure 5(b)(2)(C) states that service may be made by

22 "mailing [a paper] to the person's last known address – in which

23 event service is complete upon mailing."  The Court finds that

24 since City Defendants mailed the Motion for Rule 11 Sanctions to

25 Plaintiff's counsel on February 10, 2011 (Doc. #43, Exh. A), and

26 waited 22 days to file the motion on March 3, 2011, City

27 Defendants properly complied with the safe harbor rule.

28

1    Furthermore, the Court finds that Plaintiff's action

2  against City Defendants was frivolous.  The Complaint consisted

3  of vague and indiscernible allegations against City Defendants.

4  The allegations against City Defendants were baseless as City

5  Police records show that Plaintiff was not stopped, arrested,

6  tested or taken into City Defendants' custody.  See Declaration

7  of Kathy Bolinger, Police Records Supervisor, City of South Lake

8  Tahoe, Exh. B.  The fact that City Defendants have no connection

9  to the incident in Plaintiff's Complaint demonstrates that

10  Plaintiff's counsel failed to comply with their duty to

11  investigate.  Even if Plaintiff's counsel had limited time to

12  investigate prior to filing the Complaint, they should have

13  dismissed City Defendants from the suit after being contacted by

14  City Defendants' counsel and being shown evidence that City

15  Defendants had no involvement in the incident giving rise to

16  Plaintiff's claims.  Accordingly, the Court finds that the

17  allegations concerning City Defendants are frivolous and it

18  GRANTS City Defendants' Motion for Sanctions.

19    C.    Sanctions in the Form of Attorneys' Fees

20    City Defendants request sanctions in the form of attorneys'

21  fees and ask for $6,900.00.  Plaintiff's counsel does not contest

22  that attorneys' fees are an appropriate sanction but instead asks

23  the Court to reduce the fees based on an unsupported theory in

24  which attorneys' fees are to be calculated based on the attorneys'

25  salaries and what they earn per hour.  Plaintiff's counsel also

26  disputes billing items pertaining to Michelle Beckwith and various

27  phone calls.

28

1    Rule 11 allows payment to the movant of part or all of the

2  reasonable attorney's fees and other expenses directly resulting

3  from the violation.  Fed. R. Civ. P. § 11 (c)(4).  The Court finds

4  that in order to deter repetition of the conduct promulgated by

5  Plaintiff's counsel in bringing this frivolous lawsuit, and in

6  order to restore City Defendants to the position they were in prior

7  to defending this lawsuit, attorneys' fees and costs are the proper

8  form of sanctions.

9    The Ninth Circuit has held that an attorney's hourly rate is

10  reasonable where it is within the range of salaries of attorneys of

11  comparable experience.  Winterrowd v. American General Annuity

12  Insurance Co., 556 F.3d 815, 826-27 (9th Cir. 2009).  In

13  Winterrowd, the court stated that a district court is within its

14  discretion in setting an associate attorney's reasonable hourly

15  rate at $300 because such rate was well supported by evidence of

16  market rates.  Id.  Here, the Court finds that the rates for

17  Patrick Enright, City Attorney, at $250 per hour, and Nira Feeley,

18  Deputy City Attorney, at $195 per hour, are reasonable and within

19  the range of salaries for attorneys with comparable experience.

20    The Court has reviewed the City Attorneys' timesheets and

21  finds the billing items reasonable.  With respect to Plaintiff's

22  counsels' argument that they cannot ascertain the identity of

23  Michelle Beckwith, such confusion would have been resolved if

24  Plaintiff's counsel had read City Defendants' Motion to Dismiss in

25  which Michelle Beckwith, Risk Management Coordinator for the City

26  of South Lake Tahoe, submitted a declaration in support of the

27  motion for dismissal.  Accordingly, the Court GRANTS City

28  Defendants' fee motion and orders Plaintiff's counsel, including

1  William O'Mara, Stephen Scheerer, and the O'Mara Law Firm, P.C.,

2  pursuant to Rule 11 of the Federal Rules of Civil Procedure, to pay

3  $6,900.00 to City Defendants.

4

5                                III. ORDER

6       For the reasons set forth above,

7       City Defendants' Motion for Rule 11 Sanctions is GRANTED

8  and Plaintiff's counsel, including William O'Mara, Stephen

9  Scheerer, and the O'Mara Law Firm, P.C., jointly and severally,

10  are ordered to pay $6,900.00 in fees to City Defendants within

11  ten (10) days of the date of this Order.

12

13       IT IS SO ORDERED.

14

15  Dated: May 24, 2011                    _____

16                                         JOHN A. MENDEZ,
                                           UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28